925 F.2d 1466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duane Herman DAVIS, Defendant-Appellant.
 No. 90-1813.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1991.
 
 1
 Before KENNEDY and DAVID A. NORRIS, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Duane Herman Davis, a pro se federal prisoner, appeals the district court's judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255, and denying his motion for correction of sentence filed pursuant to Fed.R.Crim.P. 35(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Davis was convicted, by a jury, of conspiracy to possess heroin (count 1), conspiracy to import heroin (count 2), possession with intent to distribute heroin (count 26), and engaging in a continuing criminal enterprise (count 27). He was sentenced to a total of twenty-five years imprisonment and was assessed a $25,000 fine. On direct appeal, this court affirmed counts 26 and 27 but vacated counts 1 and 2 finding that they were lesser included offenses of count 27. United States v. Davis, 809 F.2d 1194, 1205 (6th Cir.), cert. denied, 483 U.S. 1007 (1987).
 
 
 4
 Thereafter, Davis filed his first motion to vacate alleging: 1) an abuse of process by the grand jury; 2) prosecutorial misconduct; 3) ineffective assistance of counsel; 4) substantial disparity between his sentence and the sentence of a co-defendant; 5) less than unanimous jury verdict; and 6) failure to give a specific jury instruction on the credibility of police officers. Davis did not raise these claims on direct appeal. The district court denied the motion, finding that Davis was procedurally barred from raising the claims in a Sec. 2255 proceeding because he did not establish prejudice to excuse his failure to raise the issues on direct appeal. The court also addressed the merits of the individual claims and found they did not warrant relief. Davis's appeal of that judgment is presently pending in Case # 90-1559.
 
 
 5
 On the same date that the district court dismissed his first Sec. 2255 motion, Davis filed his second Sec. 2255 motion alleging ineffective assistance of counsel based upon counsel's failure to object to the government's misconduct in removing his brother Reginald from the superseding indictment, and by not objecting to the government's characterization that he was the organizer of the drug ring. Davis also filed a Fed.R.Crim.P. Rule 35(a) motion alleging that his sentence was illegal because the court gave him a longer sentence on the possession charge even though the CCE charge was a more severe offense warranting a stiffer penalty.
 
 
 6
 The district court denied the Sec. 2255 motion as successive, finding that Davis's ineffective assistance of counsel claims could have been asserted in his first Sec. 2255 motion, and that the grounds underlying the claims had already been decided adversely to Davis in a prior motion. The court also found that it did not have jurisdiction to entertain Davis's Rule 35 motion because it was not filed within the 120 day time limit. The court also denied Davis's motion to amend his Sec. 2255 motion to include a Fed.R.Crim.P. 32(c)(3)(d) claim that his sentence was based upon the false information that he was the organizer of the drug ring.
 
 
 7
 On appeal, Davis reasserts his claims and additionally argues that the district court should have addressed the merits of his claims because they were distinguishable from those asserted in his first Sec. 2255 motion.
 
 
 8
 Upon review, we shall affirm the district court's judgment. Davis's motion was properly denied as it is a successive motion which fails to allege new or different grounds for relief, and because the prior determination was on the merits. See Rule 9(b), Rules Governing 28 U.S.C. Sec. 2255 Proceedings; Sanders v. United States, 373 U.S. 1, 15 (1963). In his first Sec. 2255 motion, Davis attacked the sufficiency of the indictment and he argued that the government improperly characterized him as the organizer of the drug ring. In this motion, Davis bases his ineffective assistance of counsel claims on the same legal issues asserted in the first proceeding. Consequently, the second motion was successive because Davis relies upon the same grounds for relief that were previously rejected on the merits in the first proceeding.
 
 
 9
 Finally, the district court properly denied Davis's Rule 35(a) motion because the sentences imposed were proper as they both fell within the statutory limits.
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation